IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLGA G. VENEGAS,

      Plaintiff,

v.                                                        CV 11-0448 MV/WPL

CHRISTOPHER CARRILLO, FELICIANO GARCIA, ANTHONY SEPULVEDA, SEBERO TORRES, JOE TRISTE, and UNKNOWN SUPERVISORS,

      Defendants.

**ORDER DENYING MOTION FOR CONTINUANCE**

On July 8, 2011, the Plaintiff filed what she styled as a "motion for continuance and response and opposed motion for relief from Defendants' motion for summary judgment." (Doc. 22.) It appears that this motion seeks relief from my June 23, 2011 order granting the Defendants' motion to stay discovery. (Doc. 20.) The Defendants filed a response opposing the Plaintiff's motion on July 19, 2011. (Doc. 29.) The Plaintiff did not file a reply or a notice of briefing complete. For the following reasons, I conclude that the Plaintiff's motion should be denied.

On May 25, 2011, the Defendants filed a motion for summary judgment asserting the defense of qualified immunity. (Doc. 4.) They concurrently filed a motion to stay discovery. (Doc. 14.) Once qualified immunity is raised as a defense, a stay of discovery is appropriate. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004). However, limited discovery tailored to the issue of qualified immunity may be warranted. *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). Discovery would be warranted in order to "uncover evidence sufficient to create a genuine issue as

1

to whether the defendant in fact committed . . ." the acts alleged by the plaintiff. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Because the Plaintiff did not oppose the motion requesting a stay or request any discovery, I granted the motion to stay discovery. (Doc. 20.)

The Plaintiff now seeks an opportunity to conduct discovery. She states that she has obtained some discovery in a related case against the City of Las Cruces that is ongoing in state court. (Doc. 22 at 2.) She simultaneously states that the "Defendants' actions have prevented any discovery whatever [sic] in this case." (*Id.*) The "critical discovery" that she seeks includes the personnel records and criminal history of the police officers involved in the incident as well as any other complaints or lawsuits alleging a failure to provide medical attention to or use of excessive force against mentally ill or incapacitated persons. (*Id.*) She also uses this motion to argue that summary judgment would be inappropriate. (*Id.* at 2-4.) She requests that the motion for summary judgment be denied or, alternatively, that the Court grant a continuance of four months and lift the stay. (*Id.* at 3.)

She has attached three affidavits to the motion. (Doc. 22 Exs. 1-3.) Two of these were completed by her neighbors and state their version of the events at issue. (Doc. 22 Exs. 1-2.) The third is an affidavit by the Plaintiff dated March 15, 2011. (Doc. 22 Ex. 3.) In it, the Plaintiff states that her attorney advised her that the "Defendants' motion for summary judgment is premature and defective . . . " and that she disagrees with the Defendants' factual assertions. (*Id.* at 1.) The only portion of the Plaintiff's affidavit relevant to discovery is the part in which she requests "that the Court strike/refuse judgment to Defendants or continue the hearing on their motion indefinitely to allow me to conduct appropriate discovery, since there has been no discovery in this proceeding after Defendant filed its Answer three weeks before it filed its motion for summary judgment." (*Id.*)

2

The Defendants oppose the motion on two bases. (Doc. 29.) First, they contend that the Plaintiff's motion was untimely, as it was filed fifteen days after the order granting the motion to stay.[1] (*Id.* at 2.) Second, they assert that the motion fails to comply with Federal Rule of Civil Procedure 56(d), the rule governing continuances to conduct discovery necessary to respond to a motion for summary judgment. (*Id.* at 3-5.)

Once a motion for summary judgment has been filed, the nonmovant is required to file a response within seventeen days. FED. R. CIV. P. 6(d); D.N.M.LR-Civ. 7.4(a). If facts are unavailable to the nonmovant that are essential to justify its opposition to the motion, that party may request that the court order a continuance or deny the motion. FED. R. CIV. P. 56(d). Such a motion must be supported by an affidavit or declaration explaining "that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." *Id.* Thus, the affidavit must "state with specificity how the additional material will rebut the summary judgment motion." *Ben Ezra, Weinstein & Co. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (citing *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir. 1993)).

The Plaintiff has attached an affidavit to her motion requesting a continuance, but, for the purpose of a Rule 56(d) motion, the affidavit is rife with problems. First of all, I am concerned that the Plaintiff's affidavit is dated March 15, 2011. Given the date and the fact that the Defendants' filed their motion for summary judgment on the same date that they removed the case rather than three weeks after their answer, this affidavit was clearly prepared for the state court proceeding. It was not prepared in response to the motion for summary judgment pending before this Court.

Furthermore, the affidavit does not meet the standards of Rule 56(d). It does not state with

---

[1] Because the motion lacks merit, as explained below, I need not address its timeliness.

specificity the discovery sought; it merely mentions "appropriate discovery." (Doc. 22 Ex. 3 at 1.) It does not explain how the "appropriate discovery" would lead to a genuine issue of material fact as to the allegedly unconstitutional actions by the police officers. And, because it was prepared before discovery in the state court proceeding was conducted, it does not explain why the discovery obtained via the state court proceeding is insufficient to oppose this summary judgment motion.

Though the affidavit omits mention of the specific discovery requested, the motion does specify that the Plaintiff seeks personnel files, criminal records, and similar complaints and lawsuits. (Doc. 22 at 2.) However, it does not explain with particularity how that discovery would assist in the Plaintiff's opposition to the motion for summary judgment. The discovery sought by the Plaintiff is precisely the sort of time-consuming, broad-reaching discovery against which the defense of qualified immunity guards. *See Mitchell*, 472 U.S. at 526; *Harlow v. Fitzgerald*, 457 U.S. 800, 816-17 (1982). The Plaintiff fails to explain with particularity how the additional material will rebut the summary judgment motion and demonstrate a genuine issue of material fact. *See Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006). The Plaintiff's motion, like her affidavit, does not explain how the discovery sought is related to the issues before the Court in rendering a decision on the issue of qualified immunity.

Because the Plaintiff's motion does not comport with the requirements of Rule 56(d) and because she fails to explain how the information sought is relevant to her opposition to the Defendants' assertion of qualified immunity, her motion lacks merit. She has not demonstrated that a continuance and additional discovery are necessary in order to respond to the Defendants' motion for summary judgment.

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Continuance Regarding Defendants' Motion for Summary Judgment (Doc. 22) is DENIED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

5