IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

OLGA G. VENEGAS,

    Plaintiff,

vs.                                                      No. 11-CV-0448 MV/WPL

CHRISTOPHER CARRILLO, FELICIANO
GARCIA, ANTHONY SEPULVEDA,
SEBERO TORRES, JOE TRISTE, AND
UNKNOWN SUPERVISORS,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss [Doc. 2]. The Court, having considered the motion, briefs, the relevant law, and being otherwise fully informed, finds that Defendants' Motion will be **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

### BACKGROUND

Plaintiff Olga Venegas has epilepsy. On Sunday, June 9, 2007, she suffered a grand mal epileptic seizure while walking near the intersection of McLeod and Bridger in Las Cruces. Fire and police personnel responded to a 911 call and arrived at the scene. Plaintiff alleges that Defendants Carrillo and Garcia assaulted and humiliated her rather than providing care, and that they discriminated against her based on her disability. The officers arrested Plaintiff and later released her.

On June 18, 2007, Plaintiff suffered another grand mal seizure while walking near her home. Defendants Sepulveda and Torres arrived at the scene. Plaintiff alleges that Defendants assaulted and battered her, and proceeded to arrest and subsequently release her.

Plaintiff has filed this action under 42 U.S.C. § 1983, which provides a cause of action against state officers for depriving individuals of their rights under federal law or the United States Constitution. Defendants now move to dismiss Plaintiff's complaint on grounds that it is barred by the doctrine of claim preclusion, Plaintiff failed to provide proper notice, and Plaintiff failed to prosecute her claim.

## LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When such a motion is based on the affirmative defense of res judicata, or claim preclusion, dismissal is proper if the facts supporting the defense appear plainly on the face of the complaint. *Miller v. Shell Oil Co.*, 345 F. 2d 891, 893 (10th Cir. 1965); *Amadasu v. The Christ Hosp.*, 514 F. 3d 504, 507 (6th Cir. 2008). A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). This Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-moving party's favor. *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

The Federal Rules also empower the Court to dismiss a complaint for insufficient service of process, including when service is not effected within 120 days of the filing of the complaint. FED. R. CIV. P. 12(b)(5), FED. R. CIV. P. 4(m). Finally, this Court enjoys inherent power to dismiss a case for failure to prosecute "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

**DISCUSSION**

**I.    Res Judicata or Claim Preclusion**

The incidents giving rise to this lawsuit also formed the basis for Plaintiff's 2007 state court lawsuit.  Plaintiff raised the following claims in state court: (1) excessive force and assault/battery; (2) false arrest; (3) false imprisonment; (4) equal protection violations under New Mexico law; and (5) negligence.[1]  The state court dismissed Plaintiff's claims of negligence with prejudice on grounds that immunity had not been waived.   The court also dismissed all of Plaintiff's claims arising out of the June 18, 2007 incident on grounds that she failed to comply with the notice requirements prescribed by the New Mexico Tort Claims Act (NMTCA).  The court then allowed Plaintiff to amend her complaint, and subsequently reaffirmed its decision to dismiss with prejudice Plaintiff's claims against the individual officers on immunity grounds.  In summary, the state court dismissed all claims relating to the June 18, 2007 incident with prejudice, but allowed Plaintiff's claims against the City (which arose out of the June 9, 2007 incident) to stand.

Defendants argue that all of Plaintiff's claims arising out of the June 18, 2007 incident should be dismissed pursuant to the doctrine of res judicata, or claim preclusion.  Plaintiff responds that her claims are not precluded because: (1) Plaintiff's amended complaint in state court alleged violations of state law, not federal law; (2) the state court's dismissal of Plaintiff's civil rights claims did not constitute a final judgment on the merits; and (3) Plaintiff did not file any of the claims in the instant lawsuit – those claims that allege deprivation of a federal right –

---

[1] Plaintiff raised each of the first four claims twice, once against the City of Las Cruces and once against the individual officers.  The fifth claim was raised only against the officers and their supervisors.

3

in state court.

The doctrine of claim preclusion "is designed to impel parties to consolidate all closely related matters into one suit.  This prevents the oppression of defendants by multiple cases, which may be easy to file and costly to defend."  *Frier v. City of Vandalia*, 770 F.2d 699, 702 (7th Cir. 1985).  In assessing claim preclusion, federal courts apply the law of the state in which the first judgment was entered.  *Gonzalez v. Hernandez, M.D.*, 175 F.3d 1202, 1204-1205 (10th Cir. 1999).  In New Mexico, the doctrine of claim preclusion "bars relitigation of the same claim between the same parties or their privies when the first litigation resulted in final judgments on the merits."  *Deflon v. Sawyers*, 137 P.3d 577, 580 (N.M. 2006) (citations omitted).  The party asserting claim preclusion must satisfy four elements: "(1) the parties must be the same, (2) the cause of action must be the same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits."  *Kirby v. Guardian Life Ins. Co. of America*, 231 P.3d 87, 105 (N.M. 2010) (internal quotations and alterations omitted).  Claim preclusion bars not only claims that were raised in the prior proceeding, but also claims that could have been raised. *Id.* (citations omitted).  However, this doctrine will only bar a claim when the plaintiff had a full and fair opportunity to litigate issues arising out of that claim in the first lawsuit.  *Id.*; *In re Griego*, 64 F.3d 580, 584-85 (10th Cir. 1995).

Plaintiff urges the Court to look to *Garcia v. Wilson*, 731 F.2d 640 (10th Cir. 1984) (en banc) for the proposition that § 1983 claims are always sufficiently distinct from their state law counterparts so as to avoid preclusion.  At issue in *Garcia* was what limitations period to apply to a § 1983 claim.  Noting that in the § 1983 context, "the facts establishing a constitutional or statutory deprivation frequently are complex," the Tenth Circuit concluded:

> [T]he evidence necessary to support a section 1983 claim is so often significantly distinct from the facts at issue in an arguably analogous state cause of action that the differences cannot be dismissed as unimportant. Accordingly, a state's determination that a state claim should be governed by a particular limitations period to ensure accuracy in the factfinding process is not necessarily applicable to a federal claim arising out of the same incident but resting on different elements involving proof of different facts.

*Id*. at 649.

Plaintiff appears to suggest that *Garcia* stands for the proposition that the significant differences between § 1983 claims and their state law analogues render the doctrine of claim preclusion inapplicable to § 1983 claims. However, this argument is foreclosed by *Migra v. Warren City School District Board of Education*, 465 U.S. 75 (1984), where the Supreme Court held that § 1983 "does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." *Id*. at 84. Rather, principles of full faith and credit require that federal courts honor state preclusion law out of concerns for "comity, the need to prevent vexatious litigation, and a desire to conserve judicial resources." *Id*. at 85.

Having determined that § 1983 does not trump New Mexico's law of preclusion, the Court must ascertain whether or not the elements of claim preclusion are satisfied here. The first element – that the two claims involve the same parties or their privies – is satisfied. The first lawsuit was against the City of Las Cruces and that city's police and fire departments; the instant suit is against individual City of Las Cruces police officers acting in their official capacity.

The second element – that the "cause of action" be the same – is satisfied pursuant to the principle that "[r]es judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *Kirby*, 231 P.3d at 105. New Mexico courts look to three factors to determine whether the first and subsequent claims are "so interwoven as to

5

constitute a single claim for purposes of res judicata: . . . (1) the relatedness of the facts in time, space, origin, or motivation; (2) whether, taken together, the facts form a convenient unit for trial purposes; and (3) whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage." *Bank of Santa Fe v. Marcy Plaza Assocs.*, 40 P.3d 442, 446 (N.M. Ct. App. 2001) (internal citations omitted). Because this action alleges a denial of Plaintiff's constitutional rights arising out of the exact same incidents that formed the basis of the state court lawsuit, these three criteria are satisfied. Plaintiff's federal claims therefore "could have been raised" in state court. *See Frier*, 770 F.2d at 702 (holding under Illinois law, which embodies the same principles of preclusion as New Mexico law, that "[t]wo suits may entail the same cause of action even though they present different legal theories," and framing the relevant inquiry as whether the two theories of relief allege the same conduct).

The third and fourth elements of the doctrine of claim preclusion require that the state court decision constitute a "final decision on the merits." In the state court proceeding, Plaintiff's claims arising out of the June 18, 2007 incident were dismissed with prejudice. Plaintiff argues that the state court adjudication was not "on the merits" because "the state court judge dismissed . . . all claims regarding the June 18, 2007, incident supposedly because he found that the claims were untimely under the NMTCA and for no other reason." Doc. 32 at 5. However, Plaintiff fails to distinguish this case from *Kirby*, which holds that under New Mexico law, "when a claim has been dismissed with prejudice, the fourth element of res judicata (a final valid judgment on the merits) will be presumed so as to bar a subsequent suit against the same defendant by the same plaintiff based on the same transaction." *Kirby*, 231 P. 3d at 106.

Plaintiff could rebut the *Kirby* presumption if she showed that she was not afforded a "full and fair opportunity to litigate." *Id*. at 105. Although Plaintiff appears to assume that the

6

state court's dismissal, which rested on notice infirmities, deprived her of this "full and fair opportunity," the case law holds otherwise. The Supreme Court has held that a proceeding provides a plaintiff with a full and fair opportunity to litigate as long as it satisfies "the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481 (1982). Plaintiff has failed to demonstrate that the state court's dismissal of her lawsuit amounted to a violation of the minimum procedural requirements of the Due Process Clause. Accordingly, the Court will dismiss Plaintiff's claims that arise from the June 18, 2007 incident, as these claims are precluded.

## II.     Federal Rule of Civil Procedure 4

Plaintiff filed the instant action in state court on June 9, 2010. Defendants removed the case to federal court on May 25, 2011. Defendants urge the Court to dismiss Plaintiff's action in its entirety because Plaintiff did not serve Defendants within 120 days after the filing of the complaint. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Defendants do not allege that Plaintiff failed to comply with state law notice requirements.

The Federal Rules simply do not contemplate dismissal of Plaintiff's lawsuit under these circumstances. Plaintiff chose to file her lawsuit in state court, and it would be utterly unfair to punish her failure to follow federal procedural rules. She claims that she complied with state court procedural requirements, and that Defendants evaded service. Defendants cite no authority to support their request that the Court apply federal notice requirements retroactively to the filing of this lawsuit in state court. The Court can find no basis to dismiss Plaintiff's lawsuit for failure

to comply with federal procedural rules while this case was pending in state court.

### III.   The Court's Inherent Power

Finally, Defendants assert that the Court should dismiss Plaintiff's claims pursuant to its "inherent power" to punish Plaintiff for her "dilatory conduct." Defendants define this conduct as follows:

> Plaintiff filed two lawsuits over the same subject matter. She waited two years after the incidents underlying this litigation to file the first suit. She waited one year after filing the first lawsuit to file the present one. Plaintiff then waited over 11 months to serve Defendants with this lawsuit. This is precisely the sort of situation which cries out to the Court to invoke its inherent power to dismiss for failure to prosecute.

Doc. 3 at 8.

In order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," courts may exercise their inherent power to dismiss sua sponte for lack of prosecution, but "only after careful exercise of judicial discretion." *U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005). The cases in which courts have found it appropriate to exercise their inherent power to dismiss for failure to prosecute involve failures of an entirely different magnitude than what Defendants describe in this case. *See*, *e.g.*, *Jimenez*, 400 F.3d at 854 (detailing appellants' "chronic" failures, which included disregarding numerous deadlines set by the court, failure to abide by basic rules of appellate procedure, and failure to respond to counsel's warning that he intended to notify the court of his clients' abandonment of the case); *Gripe v. City of Enid, Okl.*, 312 F.3d 1184 (10th Cir. 2002) (dismissal was appropriate where plaintiff failed to failed to serve defendants, twice failed to follow the court's order to file an amended complaint, and counsel failed to appear at a status conference). The Court first notes that Plaintiff filed both lawsuits within the statute of limitations prescribed by state law.

With respect to the issue of service, the Court's conclusion is much the same as it was in the context of Rule 4. Even if the facts were as Defendants allege them to be – which Plaintiff disputes – the Court cannot conclude that Plaintiff's conduct amounts to such a failure to prosecute so as to merit dismissal of her lawsuit.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [Doc. 2] shall be **GRANTED** with respect to all claims arising out of the June 18, 2007 incident but shall be **DENIED** on all other grounds.

Dated: this 28th day of March, 2012.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE


*Attorney for Plaintiff:*
Paul Michael Gayle-Smith

*Attorney for Defendants:*
William R. Babington, Jr.